# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:10 CR 470 |
| | ) | 5:13 CV 2618 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE DAN AARON POLSTER |
| vs. | ) | |
| | ) | |
| EDWARD P. MARKOVICH, | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendant. | ) | |

Before the Court is the *pro se* Petition to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 filed by Petitioner Edward P. Markovich **(ECF No. 1)** ("Petition").  For the reasons to follow, the Motion is **DENIED** and the case is summarily dismissed.

## I.

On June 1, 2012, Markovich was convicted, pursuant to a guilty plea under a written plea agreement, of one count of conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 1349.  *See Case No. 5:10 CR 470; ECF Nos. 97 ("Judgment and Commitment"),and 80 ("Plea Agreement")*.  He was sentenced to 33 months imprisonment, followed by three years of supervised release.  *Judgment and Commitment*, at pp 2-3.  The Court concluded that Markovich was at adjusted offense level 20, Criminal History Category I (33-41 months), and sentenced Markovich to the low end of that range.  *Id.*

On November 25, 2013, Markovich timely filed the instant § 2255 Petition, arguing that his trial counsel was constitutionally ineffective for overlooking or ignoring information contained in a Suspicious Activity Report (SAR) prepared by an official of Chase Bank, as well as another document prepared by the bank for government investigators. Markovich contends that had counsel discussed those documents with him he would have proceeded to trial, rather than pleading guilty.

## II.

Under 28 U.S.C. § 2255, a federal district court may grant relief to a prisoner in custody under a sentence imposed by that court "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." *Id*.  To prevail on a § 2255 claim, the petitioner must show a fundamental defect in the proceedings "which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Nagi v. United States*, 90 F.3d 130, 133-34 (6th Cir. 1996) (quoting *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994)).

Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the judge to whom it is assigned to promptly make a preliminary examination of the petition, records, and transcripts relating to the judgment under attack.  Rule 4(b) provides in pertinent part as follows:

> If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified. Otherwise, the judge shall order the United States Attorney to file an answer or other pleading within the period of

>time fixed by the court to take such other action as the judge deems
>appropriate.

*Id*.  The Court has promptly examined the § 2255 Petition, the record in the underlying criminal case, and the case law and finds that it plainly appears that Markovich is not entitled to relief in the district court for the following reasons.

### III.

Markovich claims that he was denied effective assistance of counsel.  Claims of ineffective assistance of counsel are analyzed under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984).  "To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must establish two elements: (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different.  *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Strickland*, 466 U.S. at 694).  A review of counsel's performance must be highly deferential and requires the Court to "indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance."  *Monzo v. Edwards*, 281 F.3d 568, 579 (6th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689).  As to the second "prejudice" prong, the Supreme Court has stated that "[a] reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id*. (quoting *Strickland*, 466 U.S. at 694).

In the context of a guilty plea, the second prong of the *Strickland* test is adjusted.  To satisfy the second prong, Markovich is required to show "that there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hill v. Lockhart,* 474 U.S. 52, 58-59 (1985).

Markovich's claim that his attorney was constitutionally ineffective is foreclosed by what has transpired in this case. First, Markovch states in his motion that the documents upon which he bases his claim were all contained in his attorney's file. He does not contend either that the government failed to turn over exculpatory information or that his attorney was not diligent in discovering material significant to his case. Second, Markovich expressly acknowledged at his February 6, 2012, change of plea hearing that he had discussed with his lawyer the government's evidence against him as well as what, if any, challenges or defenses he might have to that evidence. *ECF No. 104, pp 9-10.* Markovich further said that he was satisfied with his attorney's representation of him *(Id., p 10).*

Most significantly, the plea agreement contained a very detailed 10-page recitation of the evidence establishing Markovich's guilt. *ECF No. 80, pp 7-16.* Markovich advised the Court that he had read this portion of his plea agreement "very carefully", and that everything contained therein was true and accurate. *Id., pp 13-14.* This Factual Basis portion of the plea agreement details how Markovich, a licensed attorney at the time, conspired with his client, Michael Ratcliffe, to defraud two banks of a total of $800,000. At his June 1, 2012 sentencing hearing Markovich admitted that he was "a tool to steal money" and that "[T]he deliberately ignorant or willfully blind part was believing I should still get paid anything after, you know, I discovered that Michael [Ratcliffe] was a year ahead of me on this and just needing me to cushion his fall." *ECF No. 103, pp 154,157.*  Markovich does not coherently explain in his rambling motion how the documents he found in his lawyer's file changes the Factual Basis to which he agreed. While he tries in his Motion to reargue the facts of the case, Markovich is estopped from doing so by his guilty plea and admissions.

-4-

Since it plainly appears from the petition and the prior proceedings in this case that Plaintiff is not entitled to relief under 28 U.S.C. § 2255, the petition is summarily dismissed under Rule 4(b).  Accordingly, Plaintiff Edward P. Markovich's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody  **(ECF No. 1)** is hereby **DENIED**.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster 12/4/13*
**Dan Aaron Polster**
**United States District Judge**